

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00018-CR

**SHANNON LEIGH LACKEY,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 13-04696-CRF-272

## MEMORANDUM OPINION

Shannon Leigh Lackey attempts to appeal from her conviction for the offense of theft. The amended certificate of right to appeal indicates that that this is a plea bargain case and that Lackey waived her right to appeal. TEX. R. APP. P. 25.2(d). On March 6, 2017, Lackey filed an emergency motion for stay of sentencing pending appeal. That motion is dismissed as moot.

Accordingly, the appeal is dismissed.[1]


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
(Chief Justice Gray dissents with a note)*
Appeal dismissed; motion dismissed
Opinion delivered and filed March 20, 2017
Do not publish
[CR25]


        *Chief Justice Gray dissents. A separate opinion will not issue. He notes, however, that he believes the certificate of the right to appeal that indicates that the defendant waived the right to appeal is not supported by the record. He would direct the trial court to correct the certificate of the right to appeal to reflect that the defendant did not waive the right to appeal adverse decisions on pretrial motions, as part of the plea bargain agreement and because the internal inconsistency in the admonition and plea papers should yield in favor of preserving the right to appeal if it is not clearly and unambiguously waived. Because the majority dismisses these appeals Chief Justice Gray respectfully dissents.



---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See* TEX. R. APP. P. 68.2(a).